IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CLARK KENNEDY II,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:08-00891

PAUL KENNEDY, and RUBY
KENNEDY, husband and wife,
and ANISE JEAN JONES, and
NORINE HARMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. No. 5.)  For the reasons stated below, the motion is denied.

## I. Background

On or about May 28, 2008, the plaintiff filed suit in the Circuit Court of McDowell County, West Virginia, alleging that he is entitled to a $200,000.00 finders fee for locating a buyer for real estate containing coal deposits owned by the defendants. (Doc. No. 1.)  The defendants timely removed the state action to federal court on July 2, 2008, averring that this court has subject matter jurisdiction pursuant to Title 28 United States Code Section 1332 where the parties are completely diverse and the amount in controversy exceeds $75,000.00.  (Id.)  The defendants then moved to dismiss arguing that the complaint

contains "no allegation of any agreement between the plaintiff
and these defendants, no allegation of an oral or written
agreement, and no allegation of the terms of any such agreement."
(Doc. No. 5.)  The plaintiff did not respond, and the time for
doing so, as set forth by Rule 7.1(c) of the Local Rules of Civil
Procedure, has long expired.

## II.   Standard of Review

When reviewing a motion under Federal Rule of Civil
Procedure 12(b)(6) to dismiss for failure to state a claim upon
which relief may be granted, a court must determine whether the
factual allegations contained in the complaint "give the
defendant fair notice of what the . . . claim is and the grounds
upon which it rests," and, when accepted as true, "raise a right
to relief above the speculative level."  Bell Atl. Corp. v.
Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v.
Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R.
Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
"[O]nce a claim has been stated adequately, it may be supported
by showing any set of facts consistent with the allegations in
the complaint."  Twombly, 127 S. Ct. at 1969.  As the Fourth
Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6)
motion to dismiss will survive if it contains 'enough facts to
state a claim to relief that is plausible on its face.'"  Lainer

v. Norfolk S. Corp., No. 06-1986, 2007 U.S. App. LEXIS 28253, at
*3 (4th Cir. Dec. 5, 2007) (quoting Twombly, 127 S. Ct. at 1974).

## III. Analysis

The defendants argue that due to the plaintiff's failure to
allege the existence of a written contract, West Virginia Code
Section 55-1-1(f) requires this court to dismiss this action for
failure to state a claim upon which relief can be granted.
Section 55-1-1(f) states that no action shall be brought "upon
any agreement that is not to be performed within a year" unless
any offer or agreement be in writing and signed by the party to
be charged.  The defendants argue that since "the efforts of the
defendants [to sell the real estate] existed over a period of
years" any alleged contract with the plaintiff was incapable of
being performed within a year.

It is well settled in West Virginia that an agreement which
does not, by its terms or by necessary implication, carry its
full performance beyond a year, need not be in writing.
McClanahan v. Otto-Marmet Coal & Mining Co., 82 S.E. 752 (W. Va.
1914); M.M. & D.D. Brown v. Western Maryland Ry. Co., 99 S.E. 457
(W.Va. 1919).  The subject matter of the alleged contract in this
case was the securing of a buyer of real estate.  Obviously,
performance of such a contract within a year is possible.  The
mere fact that a contract capable of being performed within a
year actually takes longer than a year to perform does not render

the contract within the scope of Section 55-1-1(f).  Accordingly,

Section 55-1-1(f) poses no bar to the allegations contained in

the complaint.

The complaint does not, however, expressly allege that any

agreement was entered into between the plaintiff and defendants

with regard to a finders fee for the sale of the defendants'

McDowell County real estate to Natural Resources, Inc., for

$2,200,000.00.  (Doc. No. 1.)  Rather the complaint merely states

that "[d]efendants subsequently increased the sales price to Two

Million Two Hundred Thousand and 00/100 Dollars ($2,200,000.00)

with the additional Two Hundred Thousand and 00/100 Dollars

($200,000.00) representing a ten percent (10%) commission to be

paid to whomever located a buyer for the coal."  (Id. at 6.)

Viewing the complaint in the light most favorable to the

plaintiff, the allegation stated above can be viewed as a

unilateral contract, that is, an offer which may only be accepted

by performance.  Cook v. Heck's Inc., 342 S.E.2d 453, 458 (W. Va.

1986) ("The concept of unilateral contract, where one party makes

a promissory offer and the other accepts by performing an act

rather than by making a return promise, has also been recognized:

'That an acceptance may be effected by silence accompanied by an

act of the offeree which constitutes a performance of that

requested by the offeror is well established.'")(quoting First

Nat'l Bank v. Marietta Mfg. Co., 153 S.E.2d 172, 176 (W. Va.

1967)).   Indeed, the plaintiff did allege that he "secured

National Resources, Inc.'s agreement to buy the coal [and that]

defendants have refused to pay their proportionate shares of the

agreed upon ten percent (10%) commission to him."

Accordingly, the plaintiff's complaint contains a plausible

claim.

## IV.   Conclusion

For the reasons stated above, the defendants' motion to

dismiss (Doc. No. 5) is hereby **DENIED**.   The Clerk is directed to

send copies of this Memorandum Opinion and Order to all counsel

of record.

It is **SO ORDERED** this 29th day of August, 2008.

ENTER:

David A. Faber
United States District Judge

5